# EXHIBIT B

From:5168470271                              05/09/2012 12:45    #189 P.002/011

28-2081

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between Noe David Torres, Ever Portillo and Vicente Ramos, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as "Plaintiffs"), and AVCO INDUSTRIES INC., FREEPORT PAPER INDUSTRIES INC., PRINCETON PAPER PRODUCTS, INC. and GILL KORINE, an Individual, (hereinafter referred to collectively as the "Defendants"), on behalf of themselves and for the benefit of their parent(s), subsidiaries, divisions, affiliates and other related entities and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of the individual defendants' agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as "Releasees").

WHEREAS, on or about March 22, 2011 Plaintiffs filed, in the United States District Court for the Eastern District of New York, an Amended Complaint in an action entitled, Noe David Torres, Ever Portillo and Vicente Ramos vs. AVCO INDUSTRIES INC., FREEPORT PAPER INDUSTRIES INC., PRINCETON PAPER PRODUCTS, INC. and GILL KORINE, an Individual, Case No 09 - 2744, asserting violations of the FLSA and New York Labor Law (Hereinafter, the "Amended Complaint"); and

WHEREAS, Plaintiffs and the Defendants desire to fully and finally resolve and settle in full all claims that Plaintiffs had, has, or may have against any of the Releasees, including, but not limited to, all claims and issues that were or could have been raised in the Complaint;

NOW, THEREFORE, Plaintiffs and the Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>: By entering into this Agreement, the Defendants do not in any way admit liability or wrongdoing toward Plaintiffs or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by the Defendants or any of the Releasees under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiffs or any other person has asserted, could have asserted or may assert in connection with Plaintiffs or any other person's relationship with the Defendants. The Defendants has consistently denied, and continues to deny, each and every allegation of wrongdoing made by Plaintiffs, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2. <u>Consideration</u>: In consideration for Plaintiffs entering into this Agreement and in full and complete satisfaction of all of their actual and potential claims against any of the Releasees, the Defendants shall, according to the <u>payment schedule</u>, issue (four) 4 checks in total amount of $60,000 (sixty thousand dollars) (a) each check in the amount of $15,000 (fifteen thousand), made payable to the Law Offices of Helen F. Dalton & Associates, P.C., for which an I.R.S. For each check, Form 1099 shall be issued to Tax ID number 113491614. Plaintiffs agree and affirms that this payment shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement and that neither them nor their legal counsel will seek any further compensation for any other claimed damages, costs,

disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiffs relationship with the Defendants.

3. <u>Payment Schedule:</u>

   i. <u>1st installment</u>.   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiffs" in the amount of $15,000.
      1. This payment is due on ~~April 16, 2012~~ upon execution of this agreement.

   ii. <u>2nd installment</u>.   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiffs" in the amount of $15,000.
      1. This payment is due ~~July~~ August 16, 2012.

   iii. <u>3rd installment</u>.   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiffs" in the amount of $15,000.
      1. This payment is due ~~October~~ November 16, 2012.

   iv. <u>4th installment</u>.   Payable to "Helen F. Dalton & Associates, P.C., as Attorneys for Plaintiffs" in the amount of $15,000.
      1. This payment is due ~~January~~ February 16, 2012.

[margin note: ← CK]

4. <u>Voluntary Dismissal with Prejudice:</u>

   a. Plaintiffs hereby authorize and direct their attorneys, upon the initial payment in accordance with this Agreement, before a notary public, to prepare, execute and file with the Court the Stipulation and Order of Dismissal in the format attached hereto as Exhibit A or in any other format required by the Court, and by executing any other documents necessary to complete such dismissal with prejudice.

b. Plaintiffs represent that other than the Amended Complaint referenced above, they have not filed with any court, government agency or other tribunal any action, complaint, charge, grievance or arbitration against the Releasees.

5. <u>Release of All Claims</u>:

a. To settle any and all claims and actions of any nature whatsoever between Plaintiffs and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiffs employment or separation from employment with Defendant, or related to the transactions or matters which are the subject matter of the lawsuit Case No 09 - 2744:, pending in the United States District Court for the Eastern District of New York, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans's Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act. This is not a complete list, and Plaintiffs waive and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiffs' employment or separation from employment with Defendants, or otherwise, and

whether such claims are now known or unknown to Plaintiffs, from the beginning of the world to the effective date of this Agreement.

      b.    In exchange for the consideration above, Defendants release Plaintiffs from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiffs' employment, or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the effective date of this Agreement.

6.    <u>No Employment</u>: Plaintiffs agree and promise not to seek employment with the Defendants, or any of their parent(s), subsidiaries, divisions, affiliates or other related entities at any time. Plaintiffs further agree and acknowledge that this Agreement shall constitute good and sufficient cause on which Defendants may reject any application for employment by Plaintiffs or on their behalf and that such rejection would not constitute a violation of any law.

7.    <u>Confidentiality</u>:

      a. Both parties agree to the keep the existence, terms, and events leading up to and incorporated within this Agreement strictly confidential. Both parties represent that neither them nor their counsel has disclosed or will disclose, directly or indirectly, to anyone, this Agreement or its terms. Neither any of the parties, nor their counsel, nor other representatives shall speak or write to, or otherwise communicate with, any representatives of the media with regard to any matters pertaining to the above referenced action, Plaintiffs relationship with the Defendants or this Agreement, and, if asked to comment, shall state only that the matter has been "resolved." Notwithstanding the foregoing, Plaintiffs may disclose the existence and terms of this Agreement to members of their ~~immediate family~~ and their financial advisors for tax



purposes or financial planning, who shall also be obligated to keep the existence and the terms of this Agreement strictly confidential. In addition, Plaintiffs may disclose the existence and terms of this Agreement if necessary in any action to enforce this Agreement, or as otherwise required by law, provided however that they promptly notify Defendants of any attempts to compel disclosure.

b. Defendants agree not to disclose the existence or contents of this Agreement to any present or prospective employer of Plaintiffs. ~~If Defendants are contacted by any prospective or current employer of Plaintiffs, they may confirm dates of employment only, and job position, but shall not make disparaging remarks against Plaintiffs.~~ [initialed]

8. <u>Breach of Agreement</u>: Breach of provision 7 of this Agreement by any party to this agreement shall be deemed a material breach. In the event a breach is determined by a court of competent jurisdiction, the non-breaching party shall be entitled to recover ~~all payments~~ damages, attorneys' fees, costs and/or injunctive relief from a court of competent jurisdiction. * see below [initialed]

9. <u>Failure to pay</u>: If Defendants fail to make a payment in accordance with the settlement agreement, Plaintiffs agree to provide a 5 (five) day Notice to Cure by facsimile transmission to Defendants' attorney at (516) 847 0271

a. Defendants agree that if they fail to pay within 21 (twenty one) days after a 5(five) day Notice to Cure, a judgment shall be entered ~~without any notice~~ upon seven(7) days Notice to the attorney for defendants in the outstanding amount plus $10,000 (ten thousand dollars). Defendants hereby waive any defenses to such a judgment. [initialed]

b. 21 (twenty one) day period shall be cumulative, i. e. if defendants pay 6 (six) days after a (5) day notice to cure, if they are late again, they only have 15 (fifteen) days.

* Upon reasonable cause that the plaintiffs have violated the provisions of paragraph number 7 above, the defendants may suspend payment for a period of fifteen (15) days, during which time the plaintiff shall conduct an investigation and/or bring an application to the court for violations of the terms of this agreement. [initialed]

Dated: 5/21/12                              _____
                                            Noe David Torres

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _Queens__

On this 21 day of May, 2012 before me, the undersigned, appeared Noe David Torres personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Leah Janash
Notary Public, State of New York
No. 01JA6077017
Qualified in Queens County
Notary Commission Expires April 28, 2015

Dated: 5/21/12                              _____
                                            Ever Portillo

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _Queens__

On this 21 day of May, 2012 before me, the undersigned, appeared Ever Portillo personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Leah Janash
Notary Public, State of New York
No. 01JA6077017
Qualified in Queens County
Commission Expires April 28, 2015

Dated: 5-21-12                              _____
                                            Vicente Ramos

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _Queens__

On this 9th day of May, 2012 before me, the undersigned, appeared Vicente Ramos personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Leah/Januch
Notary Public, State of New York
No. 01JA6077017
Notary Public Qualified in Queens County
Commission Expires April 28, 2015

Dated: May 9, 2012

X _____ pres
GILL KORINE, individually

X _____ pres.
Gill Korine as an officer of AVCO INDUSTRIES INC., FREEPORT PAPER INDUSTRIES INC. and ~~PRINCETON PAPER PRODUCTS, INC.~~ GK

STATE OF NEW YORK )
COUNTY OF Suffolk ~~Queens~~ ) ss.:

On this 9th day of May, 2012 before me, the undersigned, appeared GILL KORINE personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

Notary Public

JAMES L. BREEN
Notary Public, State of New York
No. 02BR6141000
Qualified in Nassau County
Commission Expires February 13, 2013